# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**UNITED STATES OF AMERICA**                              **PLAINTIFF**

**v.**                  **CASE NO. 4:11CR00026 BSM**

**CHARLES ANDREW CROCKER**                               **DEFENDANT**

## **ORDER**

Crocker's motion to vacate, set aside, or correct his sentence imposed on April 10, 2012, pursuant to 28 U.S.C. § 2255 [Doc. No. 101], is denied. No hearing is required because the motion and entire record conclusively show that Crocker is not entitled to relief. *Shaw v. U.S.*, 24 F.3d 1040, 1043 (8th Cir. 1994).

On September 30, 2011, Crocker pled guilty to count one of the indictment, charging him with conspiracy to distribute, and to possess with intent to distribute, Oxycontin. Crocker owned and operated a tire distributor in North Little Rock, Arkansas. During a wiretap investigation concerning Crocker's potential involvement in purchasing counterfeit products from China, investigators learned he was buying and selling hydrocodone and Oxycontin. Crocker was sentenced on April 10, 2012, to 121 months in prison and three years supervised release. He now moves to vacate his sentence based on ineffective assistance of counsel.

Crocker's motion is denied because he cannot show that his lawyer's actions or inactions prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Crocker argues his lawyer was ineffective because he failed to thoroughly cross examine one

of the government's witnesses at his sentencing hearing.  He points out that his lawyer was biased toward the witness because his lawyer had represented the witness in an unrelated matter.  Crocker states that the witness was not cross examined on a number of prior convictions, which would have impacted his credibility.  The problem with this argument is that the witness was cross examined on several prior convictions which were substantially similar to the convictions that Crocker believes should have been discussed at the hearing.  Consequently, any such cross would have been cumulative and would not have weighed on the decisions made at the hearing.  Crocker further argues his lawyer did not clearly bring to light the fact that the witness had a pending lawsuit against Crocker at the time.  Crocker's lawyer, however, did address the suit, and even got the witness to admit that "he did not care for" Crocker.

Crocker also asserts that his lawyer was ineffective because Crocker entered a plea agreement that contained an unfounded two-level enhancement for possession of a firearm.  The government, however, contends it had sufficient evidence to support the firearm charge, and that, by stipulating to the enhancement, Crocker avoided a superseding indictment which would have exposed him to an additional mandatory seven year sentence.

Crocker has not shown that his lawyer was ineffective.  His motion [Doc. No. 101] is therefore denied.

IT IS SO ORDERED this 18th day of November 2013.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE